| **Trinity Ctr. LLC v Brooklynworks at 159, LLC** |
|:---:|
| 2026 NY Slip Op 30717(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 654633/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**                PART                14

*Justice*

-------------------------------------------------------------------------------X

TRINITY CENTRE LLC,                                INDEX NO.        654633/2020

                            Plaintiff,             MOTION DATE        N/A

                  - v -                            MOTION SEQ. NO.      003

BROOKLYNWORKS AT 159, LLC,SEED HOMES, INC,
VICRUM PURI, RAYA PURI, WELLNESSWORKS AT           **DECISION + ORDER ON**
TRINITY CENTRE, LLC,D/B/A LINA FIDI                **MOTION**

                            Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 171, 172

were read on this motion to/for            SUMMARY JUDGMENT            .

Plaintiff's motion for *inter alia* summary judgment is granted as described below.[1]

**Background**

Plaintiff brings this landlord tenant case to recover for unpaid rent against defendant Brooklynworks at 159, LLC (the "Tenant), Seed Homes Inc. (the "Corporate Guarantor"), the Puri defendants (the "Individual Guarantors") and WelnessWorks (the "Assignment Defendant"). The judge previously assigned to this case granted plaintiff summary judgment against the Tenant and the Assignment Defendant back in October 2024 (NYSCEF Doc. No. 123).

---

[1] The Court recognizes that this motion was pending for quite a long time before the judge previously assigned to this case—it seems there was oral argument in April 2025 but the prior judge did not issue a decision prior to her retirement. The Court apologizes, on behalf of the court system, for this inexcusable delay.

**654633/2020   TRINITY CENTRE LLC vs. BROOKLYNWORKS AT 159, LLC**                **Page 1 of 5**
**Motion No.  003**

1 of 5

Plaintiff then filed this motion, which seeks summary judgment against The Corporate Guarantor and the Individual Guarantors. It contends that these defendants entered into guarantees to ensure the full payment of all rent for the leased space (a unit on the 18th floor of the building). Plaintiff argues that starting in March 2020, the Tenant failed to make monthly rental payments and so it sent a letter of default. It seeks summary judgment on its third and fourth causes of action for breach of the guarantees on the ground that these guarantees were absolute and unconditional.

In opposition, the Individual Guarantors contend that their business was decimated by the COVID-19 pandemic and that the guarantees they signed specified that they did not bear any personal liability if they surrendered the premises once the tenant (WellnessWorks) could no longer pay the rent. They also rely on an Administrative Code section that purports to bar recovery against individuals who signed guarantees where liability accrued during a specified period related to the pandemic.

The Individual Guarantors point out that on April 1, 2020, WellnessWorks and plaintiff entered into a rent deferral agreement in which rent was deferred until "until the earlier to occur of (i) June 30, 2020 and (ii) the date that Tenant's business is reopened at the demised premises" (NYSCEF Doc. No. 153 at 1). They contend that WellnessWorks informed plaintiff in late May 2020 that it would be vacating the premises on June 30, 2020. The Individual Guarantors point out that plaintiff clearly received this notification as evidenced in a June 1, 2020 letter from plaintiff's attorneys (NYCEF Doc. No. 165).

The Individual Guarantors point to an email in which plaintiff confirmed receipt of the keys on June 30, 2020 (NYSCEF Doc. No. 154). They also claim that upon their surrender, the premises were in substantially better condition as they had made significant renovations to the

654633/2020   TRINITY CENTRE LLC vs. BROOKLYNWORKS AT 159, LLC                    Page 2 of 5
Motion No.  003

2 of 5

space. The Individual Guarantors also argue that there are questions of fact regarding the conditions imposed in the relevant guarantees. They point out that there is a genuine dispute concerning the condition of the premises. Finally, they claim that this motion is premature.

In reply, plaintiff contends that the space was left in a state of disrepair when the premises were abandoned and attach their own photos from August 2020. It insists that the Individual Guarantors and the Corporate Guarantor failed to meet the requirements of the guarantees to absolve themselves of liability.

**Discussion**

The Court's analysis begins with the terms of the guarantees. The key portion of the guarantee applicable to the Individual Guarantors is the "Cut-Off Date", i.e. the date after which the Individual Guarantors would not face personal liability. To be sure, this good guy guarantee is not a typical one in that it does not require that the Tenant be fully paid up prior to an attempt to surrender the premises.

The Cut-Off Date:

"means the first date on which all of the following have occurred (1) Tenant (and each subtenant and other occupant of the Premises) shall have fully vacated the Premises; (ii) Tenant shall have delivered and surrendered vacant possession of the entire Premises to Landlord, free of all claims of occupancy, and otherwise in the condition required by the Lease upon the expiration thereof; and (iii) Tenant shall have executed and delivered to Landlord a written instrument pursuant to which Tenant (x) irrevocably and unconditionally waives and relinquishes all rights of Tenant in or to the Premises and (y) irrevocably and unconditionally releases Landlord (and its principals, officers, directors, shareholders, agents, employees, affiliates, successors and assigns) from all obligations, liabilities and claims that Tenant then has or may in the future have against Landlord (or its principals, officers, directors, shareholders, agents, employees, affiliates, successors or assigns)" (NYSCEF Doc. No. 136 at 1).

The parties' submissions devote substantial time discussing the condition of the premises.

The Individual Guarantors contend they spent over $1 million to renovate and attach photos

showing that the premises were in great condition when they left (NYSCEF Doc. No. 159). Plaintiff points to photos from August 2020 (a few weeks after defendants say they left) that it claims shows the premises were left in bad shape (NYSCEF Doc. No. 50).

However, the Court need not delve into the condition of the premises because there is no evidence on this record that the Individual Guarantors complied with all of the elements required to set a Cut-Off Date. That is, they did not point to a written instrument in which the Tenant "irrevocably and unconditionally waives and relinquishes all rights of Tenant in or to the Premises" and released plaintiff.

This Court is bound to consider the obligations set forth in the applicable guarantee and the record shows, as a matter of law, that the Individual Guarantors did not comply. That compels the Court to grant the motion as to the Individual Guarantors (*Elk 33 E. 33rd LLC v Sticky's Corp. LLC*, 228 AD3d 455, 456, 213 NYS3d 44 [1st Dept 2024] [granting summary judgment to landlord against guarantor where the guarantor failed to comply with the obligations of the good guy guarantee]). Simply put, there is no writing in this record and so the Individual Guarantors cannot point to the end of June 2020 as the Cut-Off Date.

The arguments about Administrative Code § 22-1005 are not a bar to plaintiff's recovery against the Individual Guarantors. That statute was ruled unconstitutional by a federal court on the ground that it violated the Contracts Clause of the United States Constitution (*Melendez v City of New York*, 668 F Supp 3d 184, 189 [SD NY 2023]). Although that decision is not binding on this Court, the undersigned sees no reason to depart from the careful and detailed reasoning discussed in that decision. The federal judge concluded that although the purpose of the law advanced a legitimate public purpose, the means to achieve that goal were unreasonable because

[* 4]

it was not merely a temporary impairment of a contract—it eliminated all liability for individual guarantors (*id*. at 199-200).

The Court also finds that plaintiff is entitled to summary judgment as against the Corporate Guarantor. That guarantee (NYSCEF Doc. No. 135) does not contain a "good guy" provision and instead merely requires the Corporate Guarantor to ensure "full and prompt payment of all" rent owed by the Tenant. The Individual Guarantors did not adequately address why the Corporate Guarantor should not be held liable.

**Summary**

As plaintiff has asked for an award "to be determined at a hearing or trial" plaintiff is hereby directed to file a note of issue for that trial. The total amount plaintiff can seek includes reasonable legal fees as that is contemplated by the relevant agreements.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment as to liability against defendants SEED HOMES, INC, VICRUM PURI, RAYA PURI is granted; and it is further

ORDERED that plaintiff shall file a note of issue on or before March 11, 2026.

| **3/2/2026** | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654633/2020   TRINITY CENTRE LLC vs. BROOKLYNWORKS AT 159, LLC**
**Motion No.  003**

**Page 5 of 5**

5 of 5